IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:20-cv-00100-M

LINDA S. DIMARZO,  )
                   )
       Plaintiff,  )
                   )
v.                 )           **OPINION**
                   )           **AND ORDER**
CMS (CENTERS FOR MEDICARE), )
ANNMARIE G. MUNOZ, PAUL GRIMM, )
and SARAH K. McGILL,          )
                   )
       Defendants. )

This matter comes before the court on Defendants Annmarie G. Munoz and Sarah K. McGill's motions to dismiss Plaintiff Linda S. Dimarzo's complaint, which motions were filed on April 13 and 14, 2020, respectively. [DE-6; DE-13] For the reasons that follow, Munoz and McGill's motions are both GRANTED, and the court DISMISSES Plaintiff's claims *in toto*.

**I.  Background**

On March 17, 2020, Plaintiff filed her *pro se* complaint, alleging that she has suffered personal injuries as a result of Defendant CMS (Centers for Medicare)'s[1] ("CMS") failure to provide her with adequate medical care. [DE-1] Specifically, Plaintiff alleges that CMS has failed to provide health plans that give her access to medical care sufficient to treat certain unspecified medical conditions, which failure Plaintiff alleges has caused a decline in her health. [DE-1] Plaintiff does not make any factual allegations

---

[1] The court construes Plaintiff as attempting to sue the Centers for Medicare & Medicaid Services, a federal agency within the United States Department of Health and Human Services that administers the Medicare program pursuant to Title XVIII of the Social Security Act, 79 Stat. 290, as amended, 42 U.S.C. § 1395 *et seq.*, commonly known as the Medicare Act. [*see* DE-4 (summons to CMS at address in Baltimore, Maryland where the court takes judicial notice that CMS is headquartered)]

1

regarding any Defendant besides CMS within her pleading, although her civil cover sheet identifies each of Munoz, McGill, and Defendant Paul Grimm as "plan provider[s.]" [DE-1-1] The complaint alleges that this court has jurisdiction because CMS is an agency of the federal government. [DE-1] Plaintiff does not specifically invoke any legal authority within her pleading, but her civil cover sheet invokes "USC 42 Medicare Act" as the statute under which she seeks relief. [DE-1-1] Plaintiff seeks both (1) "an investigation by the appropriate Federal agency to identify and permanently correct the issues identified in the complaint (as well as the more detailed list related to the medicare system issues provided in discovery or at the pretrial conference" and (2) money damages. [DE-1]

Munoz and McGill moved to dismiss the claims against them on April 13 and 14, 2020, respectively. [DE-6; DE-13] Both Munoz and McGill argue, *inter alia*, that the court should dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") because Plaintiff has failed to allege facts sufficient for this court to exercise subject-matter jurisdiction over these claims. [DE-7 at 3–5; DE-14 at 6–8] Plaintiff responded to the motions to dismiss on May 1, 2020 by arguing, *inter alia*, that federal subject-matter jurisdiction lies "because the case involves a United States Federal program or Agency (Medicare)." [DE-21] Munoz replied on May 15, 2020, reiterating her arguments made earlier. [DE-26] McGill did not reply.

## II. Legal standards

As the Supreme Court has said:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "[T]he party who seeks the exercise of jurisdiction in his favor . . . must allege in his pleading the facts essential to show

2

jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *see also Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968) ("[T]he complaint must state on its face the grounds for its jurisdiction.").

A defendant may move the court to dismiss a claim by arguing that the complaint fails to properly allege subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

> When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. The district court should grant the Rule 12(b)(1) motion to dismiss only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.

*Evans v. B. F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (internal quotation marks and citations omitted). Further, if a district court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action[,]" regardless of whether the relevant defendant against whom the claim was brought has moved the court seeking dismissal. Fed. R. Civ. P. 12(h)(3).

### III. Analysis

As mentioned above, Plaintiff claims that this court has federal jurisdiction because CMS is a federal agency. [DE-21]

Under the doctrine of sovereign immunity, federal agencies are immune from suit unless the government has waived immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Blackmar v. Guerre*, 342 U.S. 512, 514 (1952). Although federal district courts have jurisdiction to hear claims brought against the federal government in cases of waiver, e.g., claims brought pursuant to 28 U.S.C. §§ 1331 and 1346, district courts do not have jurisdiction to hear claims against the federal government or its agents "arising under" the Medicare Act. *See Heckler v. Ringer*, 466 U.S. 602, 614–15 (1984) ("[T]he third sentence of 42 U.S.C. § 405(h), made applicable to the Medicare Act by 42 U.S.C. § 1395ii, provides that

3

[42 U.S.C.] § 405(g), to the exclusion of 28 U.S.C. § 1331, is the sole avenue for judicial review for all '[claims] arising under' the Medicare Act."); 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter."). Plaintiff's claims against CMS "aris[e] under" the Medicare Act because they seek: (1) injunctive relief, in the form of a federal investigation into "medicare system issues"; and (2) damages to compensate Plaintiff for CMS's alleged failure to provide her with medical benefits pursuant to the Medicare Act. [DE-1]; *see Ringer*, 466 U.S. at 615 (a "claim arising under" the Medicare Act "include[s] any claim[] in which 'both the standing and the substantive basis for the presentation' of the claims is the" Medicare Act, including when "injunctive relief and not an actual award of benefits" is sought (quoting *Weinberger v. Salfi*, 422 U.S. 749, 760–61 (1975)); *Shalala v. Ill. Council on Long Term Care*, 529 U.S. 1, 14 (2000) (rejecting argument that 42 U.S.C. § 405(h) is "limit[ed] . . . to claims for monetary benefits[,]" explaining that the statute can extend to "[c]laims for money, claims for other benefits, claims of program eligibility, and claims that contest a sanction or remedy"). Indeed, Plaintiff: (1) claims standing because she "is a Medicare recipient and receives Medicare through Social Security Disability" [DE-1]; (2) alleges that she has suffered harm because CMS has failed to provide her "effective care for [her] known medical conditions" [DE-1]; and (3) expressly states in her civil cover sheet that the statute under which she filed suit is the "Medicare Act[.]" [DE-1-1]

With respect to claims arising under the Medicare Act like Plaintiff's, 42 U.S.C. § 405(g) only provides district courts with the jurisdiction to review final administrative decisions made by the Secretary of the Department of Health and Human Services "after" those decisions have been made. 42 U.S.C. § 405(g); 42 U.S.C. § 1395ii. Because Plaintiff has not alleged that she has pursued a remedy pursuant to

4

42 U.S.C. § 405 and received a final decision thereupon, this is not such a case, and the court accordingly concludes that it is without jurisdiction to hear Plaintiff's claims against CMS.

Although the court could have supplemental jurisdiction over the claims against Munoz, McGill, and Grimm pursuant to 28 U.S.C. § 1367 if the claims against those individuals "derive[d] from a common nucleus of operative fact" with a claim over which the court has jurisdiction, *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966), Plaintiff has neither presented a claim over which the court can exercise subject-matter jurisdiction nor pled any facts regarding the individual Defendants.[2] The court therefore concludes that it lacks subject-matter jurisdiction over Plaintiff's claims against the remaining Defendants as well.

The court is cognizant of Plaintiff's *pro se* status, and has construed Plaintiff's complaint in light of the "special judicial solicitude" that the Fourth Circuit has said that courts should afford *pro se* complainants. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). But the Fourth Circuit has also made clear that said solicitude is not without its limits:

> While pro se complaints may represent the work of an untutored hand requiring special judicial solicitude, a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them. The special judicial solicitude with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.

*Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (internal quotation marks and citations omitted). Because Plaintiff failed to plead facts upon which the court could recognize a basis for federal subject-matter jurisdiction, her complaint must be dismissed.

---

[2] Plaintiff's statements in her civil cover sheet that the individual Defendants are each "plan provider[s]" [DE-1-1], even if construed as proper factual allegations, would be insufficient to confer subject-matter jurisdiction upon the court.

5

## IV. Conclusion

For the reasons stated above, Munoz and McGill's motions to dismiss are GRANTED, and Plaintiff's claims are DISMISSED *in toto*. The court's ruling renders MOOT: (1) Plaintiff's motion to proceed [DE-22]; (2) Munoz and McGill's motions to stay further proceedings pending the adjudication of their motions to dismiss [DE-27; DE-24]; and (3) Plaintiff's motion for default judgment against CMS [DE-29]. Fed. R. Civ. P. 55(d) ("A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.").

SO ORDERED this the 17th day of July, 2020.

RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE